**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PASQUALE PICARO, PRUDENCIO
VALLE, JUDITH BRATNICK, SANDY
CAUSE, individually and as next friend to
minor child S.C., and LETITIA JAMES, as
Public Advocate for the City of New York,

       *Plaintiffs*,

v.

PELHAM 1135 LLC, PELHAM 1130 LLC,
MATTHEWS 2160 LLC, JOSHUA
GOLDFARB, PHILIP GOLDFARB, MARC
GOLDFARB, THOMAS FRYE, GOLDFARB
PROPERTIES INC., PELICAN
MANAGEMENT INC., NEW YORK CITY
DEPARTMENT OF BUILDINGS, and RICK
D. CHANDLER, as Commissioner of the New
York City Department of Buildings,

       *Defendants*.

**MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO FILE
AN AMENDED COMPLAINT**

No. 14 Civ. 07398 (JPO)

Plaintiffs Pasquale Picaro, Prudencio Valle, Judith Bratnick, Sandy Cause, individually and as next friend to minor child S.C., and Letitia James, the Public Advocate of the City of New York, (collectively, the "Original Plaintiffs"), by their attorneys, submit the following Memorandum of Law in Support of Their Motion for Leave to File an Amended Complaint against Defendants Pelham 1130 LLC, Pelham 1135 LLC, Pelham 1540 LLC, Matthews 2160 LLC, Joshua Goldfarb, Philip Goldfarb, Marc Goldfarb, Thomas Frye, Goldfarb Properties Inc., Pelican Management Inc. (collectively, "Landlord Defendants"), as well as New York City Department of Buildings, and Rick Chandler, as Commissioner of the New York City Department of Buildings (collectively, "Government Defendants").[1]

## INTRODUCTION

This case arises from protracted elevator repairs and other construction work undertaken by Landlord Defendants—and the approval of such work by Government Defendants—that have deprived disabled individuals of their right to be free from housing discrimination on the basis of their disabilities.

The Original Plaintiffs filed this lawsuit on September 12, 2014, to enjoin Landlord Defendants from initiating protracted elevator repairs at an apartment building at 1135 Pelham Parkway North and otherwise to seek declaratory and compensatory relief for Original Plaintiffs in connection with protracted elevator repairs previously undertaken by Landlord Defendants—and approved by Government Defendants—at apartment buildings located at 1130 Pelham Parkway South and 2160 Matthews Street.  Original Plaintiffs' claims against Landlord Defendants asserted violations of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3603 *et seq.*, the New York State Human Rights Law, N.Y. Exec. L. § 290 *et seq.*, and the New York City Human Rights Act, N.Y.C.

---

[1] The Landlord Defendants and Government Defendants are referred to collectively as "Defendants."

Admin. Code § 8-101 *et seq.*  Claims against the Government Defendants stemmed from the Government Defendants' role in approving Landlord Defendants' conduct, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*, and New York City Building Code, N.Y.C. § 27-292.5.

The Original Plaintiffs' request for injunctive relief against the Landlord Defendants as to the planned elevator repair work at 1135 Pelham Parkway South was denied on September 19, 2014.  The Court's memorandum and order denying the Original Plaintiffs' request for injunctive relief was premised on Landlord Defendants' offer of a first floor apartment to Plaintiffs Picaro and Valle.  It left undisturbed the Original Plaintiffs' requests for declaratory and compensatory relief against the Landlord Defendants and the Government Defendants.

Plaintiffs now seek leave to file an amended complaint ("Amended Complaint"), attached hereto as Exhibit A, to revise the complaint initially filed (the "Original Complaint") by adding: additional parties[2] whose statutory rights have been similarly violated to those of the Original Plaintiffs; new claims arising from the same facts underlying previously asserted claims; and factual allegations in connection with the newly proposed parties and claims, as well as in connection with claims brought by the Original Plaintiffs.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The Original Plaintiffs filed this lawsuit on September 12, 2014: *after* Landlord Defendants had conducted protracted elevator repairs in apartment buildings located at 1130 Pelham Parkway South and 2160 Matthews Avenue; and, immediately *before* Landlord Defendants planned to begin protracted elevator repairs in an apartment building at 1135 Pelham

---

[2] As described more fully in the proposed Amended Complaint, the proposed additional parties include: Lillian Anthony, Amoghene Umude, Domingo Osorio, Olga Ortiz, Sharyan Vasquez, Melissa Vanderhorst, individually and as next friend to minor child A.V., Shakei Gadson, and the Center for Independence of the Disabled, New York ("CIDNY") (collectively, the "Proposed Plaintiffs").  The Original and Proposed Plaintiffs are referred to collectively as "Plaintiffs".

Parkway South.  In their complaint filed on September 12th, those Original Plaintiffs who resided in 1130 Pelham Parkway South and 2160 Matthews Avenue sought declaratory and compensatory relief.  The Original Plaintiffs who resided at 1135 Pelham Parkway South sought the same relief, in addition to an order to show cause seeking a preliminary injunction to preclude the protracted shutting down of the sole elevator at 1135 Pelham Parkway South for repairs.

The Court held a hearing on the order to show cause on September 18, 2014.  (Minute Entry of 09/18/2014).  On September 19, 2014, the Court denied Original Plaintiffs' request to enjoin Landlord Defendants' plan to shutdown the elevators at 1135 Pelham Parkway North on the basis that Landlord Defendants had offered, and stated they would follow-through with providing, reasonable accommodations to the two Original Plaintiffs who would have been affected by the planned elevator shutdown at 1135 Pelham Parkway North.  (ECF No. 8).

On October 1, 2014, the Landlord Defendants submitted an answer to the Original Complaint.  (ECF No. 11.)  On the same day, this Court granted an application by the Government Defendants to extend their deadline to answer or otherwise respond to the Original Complaint until December 3, 2014.  (ECF No. 10.)

On October 23 and 24, 2014, before the October 27, 2014 deadline for the Original Plaintiffs to amend the Original Complaint as of right pursuant to Federal Rules of Civil Procedure 6 & 15, Plaintiffs' counsel conferred telephonically with counsel for the Landlord Defendants and counsel for the Government Defendants and received oral consent to amend the Original Complaint by December 2, 2014.  (*See*  Decl. of Ian Davie in Supp. of Pls.' Mot. for Leave To File an Am. Compl. ("Davie Decl.") ¶ 2.)  Plaintiffs also agreed to extend the Government Defendants' time to answer or otherwise respond to Plaintiffs' pleading until

January 15, 2015.  (*See* Letter from Pamela A. Koplik, Senior Counsel, Admin. Law Div., City of New York Law Dep't, Dec. 3, 2014, ECF No. 12 ("Koplik Letter").)

On December 1, 2014, counsel to Plaintiffs sought—as required by the terms of Rule 15(a)(2)—Defendants' written confirmation of their consent for Plaintiffs to file an amended complaint on December 2, 2014.  (*See* Davie Decl. ¶ 3.)  Government Defendants confirmed in writing their consent.  Landlord Defendants denied any such consent.  (*See* Davie Decl. ¶ 3; Koplik Letter.)

## NATURE OF THE AMENDMENTS

Plaintiffs seek leave to file their Amended Complaint to add new parties; to add new claims; to allege additional facts in support their newly proposed parties and claims; and to supplement previously asserted claims with new allegations.

The proposed amendments would add as plaintiffs both (a) disabled individuals who reside in buildings owned and/or operated by Landlord Defendants and whose statutory rights were denied by Landlord Defendants' protracted elevator repairs, and (b) caregivers for disabled individuals whose housing rights were denied on the basis of their disability status.  The allegations made on behalf of new plaintiffs who are disabled or are caregivers for disabled individuals arise from the same conduct of Landlord Defendants that forms the basis of the Original Complaint.

Consistent with the addition of these new individual plaintiffs, the proposed amendments also add as a defendant Pelham 1540 LLC, the corporation which is the deed owner of the property in which one of the new individual plaintiffs resides and was harmed as a result of Landlord Defendants' protracted elevator repairs in her building.

Moreover, the proposed amendments add an organizational plaintiff, CIDNY, which advocates for New York tenants with disabilities.  As described more fully in the Amended Complaint, CIDNY has been, and continues to be, directly harmed by the Government Defendants' failure to adequately ensure enforcement of the City's Building Code.

Finally, the proposed amendments add two new claims against the Government Defendants: a claim on behalf of all plaintiffs for aiding and abetting in the deprivation of the New York City Human Rights Law's protections; and a claim on behalf of Public Advocate James seeking declaratory relief for violation of the City's Construction and Building Codes. The two newly proposed claims derive from the same set of facts underlying those causes of action asserted in the Original Complaint.

## **ARGUMENT**

### I.  **PLAINTIFFS' TIMELY REQUEST FOR LEAVE TO AMEND THE COMPLAINT SHOULD BE GRANTED AT THIS EARLY STAGE IN THE CASE.**

Plaintiffs seek leave to amend the Original Complaint to add plaintiffs and to litigate the original and additional claims common to this group in an efficient and streamlined manner that reduces cost and burden on all parties and the Court.  Plaintiffs' motion should be granted because (1) doing so would not cause undue delay, (2) Plaintiffs' motive is not abusive or dilatory, (3) this is Plaintiffs' first request for an amendment and Plaintiffs have plead sufficient facts to state their claims, and (4) Defendants will not suffer prejudice.

After responsive pleadings have been filed, Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading "by leave of court or by written consent of the adverse party" and that "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In construing the Rule, the Supreme Court has held that:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000) ("In general, district courts should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility."). No such factors here apply.

*First*, Plaintiffs timely seek leave to amend when the case is still in its earliest stage. Only the Landlord Defendants have filed an answer. Government Defendants have not yet filed an answer or otherwise responded to the Original Complaint, nor do they oppose this motion to amend. (*See* Koplik Letter.) There has not yet been a scheduling conference and no party has taken discovery. Accordingly, there has been no undue delay. *Computech Int'l v. Compaq Computer Corp.*, No. 02-2628, 2002 WL 31398933, at *7 (S.D.N.Y. 2002) (granting leave to file an amended complaint when plaintiff moved to serve an amended complaint at early stages of this litigation and no discovery had taken place).

*Second*, far from having any bad-faith or dilatory motive, Plaintiffs seek timely to add additional plaintiffs and to litigate the original and additional claims common to this group in an efficient and streamlined manner that reduces cost and burden on all parties and the Court. In further investigating the claims of Plaintiffs Bratnick, Cause, and S.C., attorneys for plaintiffs learned that the Landlord Defendants had denied requests for reasonable accommodations by or on behalf of a number of additional disabled residents of properties owned or managed by Landlord Defendants during the same series of elevator outages. Attorneys also learned that CIDNY, as a non-profit organization that advocates for people with disabilities, has been and

6

continues to be harmed by the Government Defendants' failure to adequately ensure the enforcement of the City of New York's building code during protracted elevator outages and construction work.  Rather than subject the courts or the defendants to a multiplicity of actions, Plaintiffs instead seek efficiently to litigate these claims together in one action as they involve the same defendants, the same witnesses, the same series of elevator outages, denial of the same types of requests for reasonable accommodations, and common causes of action.

*Third*, this is Plaintiffs' first request to amend the complaint.  As with the Original Complaint, the Amended Complaint states facts sufficient to state each claim brought by Plaintiffs.

*Fourth*, there is no prejudice to Defendants.  Government Defendants have not yet filed an answer or otherwise responded to the Original Complaint and consent to Plaintiffs' amendment of the complaint.  Landlord Defendants likewise cannot complain of any prejudice. The case is near its inception:  Landlord Defendants have only filed an answer, no initial case management conference has been held (or, for that matter, even contemplated), and no discovery has been requested or taken.  All of the new parties, allegations, and claims arise from the very same series of elevator repairs and outages.  If anything, the amendment will reduce cost and burden for Landlord Defendants given that they may defend against the claims of the individual Plaintiffs, CIDNY, and James in a single, streamlined action rather than in multiple actions.

That there is no prejudice to Landlord Defendants is further buttressed by the fact that Mr. Koenig, counsel for Landlord Defendants—like counsel for Government Defendants—orally consented in October to Plaintiffs filing an amended complaint on December 2, 2014, with knowledge that attorneys for Ms. Bratnick, Mr. Cause, and S.C. were investigating the claims of additional plaintiffs.  (*See* Davie Decl. ¶ 2.)  On December 2, counsel for Landlord Defendants

withdrew their consent at the eleventh hour when Plaintiffs were ready to file.  (*See* Davie Decl. ¶ 3–4.)  Given the timeliness of this application and the fact that there is no prejudice to any Defendant, the Court should grant Plaintiffs leave to file the Amended Complaint.

## II.   PLAINTIFFS' PROPOSED AMENDED COMPLAINT SATISFIES FEDERAL RULE OF CIVIL PROCEDURE 20(a).

The Proposed Plaintiffs may properly be joined with Plaintiffs Bratnick, Cause and S.C., and the Public Advocate in one action under Federal Rule of Civil Procedure 20(a).  Rule 20(a)(1) provides that persons may join an action as plaintiffs if they assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action.  Fed. R. Civ. P. 20(a).

Each of the Proposed Plaintiffs' claims arise out of the same series of occurrences that gave rise to the claims of Plaintiffs Picaro, Valle, Bratnick, Cause, S.C., and James:  the elevator outages in the summer and fall of 2014; Landlord Defendants' denial of requests for reasonable accommodations from the disabled Individual Plaintiffs living in those buildings throughout the duration of the elevator outages; and the Government Defendants' failure to enforce the New York City Building and Construction Codes in advance of and during the elevator outages.

Additionally, all Plaintiffs seek to assert each and every claim that Plaintiffs Picaro, Valle, Bratnick, Cause, and S.C. brought against Landlord Defendants in the Original Complaint. CIDNY asserts the same two claims against the Government Defendants brought by the Public Advocate in the Original Complaint.  Thus, each of the Proposed Plaintiffs' claims will involve the same questions of law and fact as those involved in litigating the claims of Plaintiffs Picaro, Valle, Bratnick, Cause, S.C., and James.  Accordingly, Proposed Plaintiffs may properly join this action under Rule 20(a).

## **CONCLUSION**

In light of the foregoing circumstances, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file their proposed Amended Complaint.

Dated: New York, New York
       December 10, 2014                          Respectfully submitted,


                                        _/s/ Susan J. Kohlmann_ _____
                                        JENNER & BLOCK LLP
                                        Susan J. Kohlmann (SK 1855)
                                        Lindsay W. Bowen (LB 8510)
                                        Christine I. Lee (CL 0110)
                                        Daniel H. Wolf (DW 1227)
                                        919 Third Avenue, 37th Floor
                                        New York, New York 10022
                                        212-891-1600
                                        *Attorneys for Bratnick, Cause, and Proposed*
                                        *Plaintiffs*


                                        _/s/ Edward Josephson_ _____
                                        LEGAL SERVICES NYC-BRONX
                                        Ian Davie (ID 5498)
                                        Edward Josephson (EJJ 7815)
                                        349 E. 149th Street, 10th Floor
                                        Bronx, New York 10451
                                        (718) 928-2889
                                        *Attorneys for Picaro, Valle, Bratnick, Cause, and*
                                        *Proposed Plaintiffs*


                                        _/s/ Jennifer Levy_ _____
                                        LETITIA JAMES
                                        PUBLIC ADVOCATE FOR THE CITY OF NEW YORK
                                        Jennifer Levy (JL 1681)
                                        1 Centre Street, 15th Floor
                                        New York, New York 10007
                                        (212) 669-2175
                                        *Attorney for the Public Advocate*


9