14 Civ. 7398

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PASQUALE PICARO, PRUDENCIO VALLE, JUDITH BRATNICK, SANDY CAUSE, individually and as next friend to minor child S.C., LILLIAN ANTHONY, AMOGHENE UMUDE, DOMINGO OSORIO, OLGA ORTIZ, SHARYAN VASQUEZ, MELISSA VANDERHORST, individually and as next friend to minor child A.V., SHAKEI GADSON, LETITIA JAMES, as Public Advocate for the City of New York, and CENTER FOR INDEPENDENCE OF THE DISABLED, NEW YORK,

Plaintiffs,

-against-

PELHAM 1130 LLC, PELHAM 1135 LLC, PELHAM 1540 LLC, MATTHEWS 2160 LLC, JOSHUA GOLDFARB, PHILIP GOLDFARB, MARC GOLDFARB, THOMAS FRYE, GOLDFARB PROPERTIES INC., PELICAN MANAGEMENT INC., NEW YORK CITY DEPARTMENT OF BUILDINGS, and RICK D. CHANDLER, as Commissioner of the New York City Department of Buildings,

Defendants.

**MUNICIPAL DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Municipal Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Sheryl Neufeld*
            *Michelle Goldberg-Cahn*
            *Pamela A. Koplik*
*Tel: (212) 356-2187*
*Matter No.: 2014-033630*

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |

ARGUMENT

POINT I

PLAINTIFFS FAIL TO STATE A CLAIM UNDER TITLE II OF THE AMERICANS WITH DISABILITIES ACT ................................................................. 2

POINT II

PLAINTIFFS FAIL TO STATE A CLAIM UNDER TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968 AS AMENDED BY THE FAIR HOUSING AMENDMENTS ACT OF 1988 ............................................ 6

POINT III

THE PUBLIC ADVOCATE AND CIDNY DO NOT HAVE STANDING IN THEIR CLAIMS AGAINST MUNICIPAL DEFENDANTS ............................................... 7

POINT IV

THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE AND CITY LAW CLAIMS ................................................................................. 8

CONCLUSION ................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Pages**

Birch v. Pioneer Credit Recovery Inc.,
    2007 U.S. Dist. Lexis 41834 (W.D.N.Y. 2007) ............................................................... 8

Brooklyn Ctr. For Independence of the Disabled v. Bloomberg,
    980 F.Supp.2d 588 (S.D.N.Y. 2013) ............................................................................ 5

Davis v. City of New York,
    902 F. Supp. 2d 405 (S.D.N.Y. 2012) .......................................................................... 6

Dewitt v. Lieberman,
    48 F. Supp. 2d 280 (S.D.N.Y. 1999) ............................................................................ 9

Human Res. Research & Mgmt. Grp., Inc. v. Cnty of Suffolk,
    687 F. Supp. 2d 237 (E.D.N.Y. 2010) .......................................................................... 7

James v. Donovan,
    2015 N.Y. App. Div. LEXIS 6215 ............................................................................... 8

Noel v. New York City Taxi & Limousine Comm'n,
    687 F.3d 63 (2d Cir. 2012) ....................................................................................... 5,6

United Spinal Ass'n v. Bd. of Elections in New York,
    882 F. Supp.2d 615 (S.D.N.Y. 2012) .......................................................................... 5

**Statutes**

1 RCNY § 11-02 ................................................................................................................... 3

1 RCNY § 103-02(k)(2)(iii) ................................................................................................. 4

42 U.S.C. § 3604(b) ............................................................................................................. 6

42 U.S.C. §§ 3604(f)(1) and (2) .......................................................................................... 6

Criminal Procedure Law 190.25(4)(a) ................................................................................. 8

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 1

| **Statutes** | **Pages** |
|---|---|
| N.Y.C. Admin. Code § 27-357(d) | 4 |
| N.Y.C. Admin. Code § 28-101.4.3(5) | 5 |
| N.Y.C. Admin. Code § 28-101.4.3.3 | 4 |
| N.Y.C. Admin. Code § 28-103.11 | 9 |
| N.Y.C. Admin. Code § 28-104.2.1 | 3 |
| N.Y.C. Admin. Code § 28-104.8.4 | 4, 8 |
| N.Y.C. Admin Code § 28-105.2.8 | 4 |
| N.Y.C. Admin Code § BC 1101.3.2 | 5 |
| N.Y.C. Charter §§ 648 and 666(6)(a) | 9 |

## PRELIMINARY STATEMENT

Defendants, New York City Department of Buildings ("DOB") and Rick D. Chandler, as Commissioner of DOB, collectively referred to hereinafter as "municipal defendants," by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully submit this reply memorandum of law in further support of their motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint (hereinafter, the "Complaint") upon the grounds that Plaintiffs fails to state a claim against Municipal Defendants upon which relief can be granted.

As set forth herein and in Municipal Defendants' moving papers, plaintiffs fail to state a claim upon which relief can be granted with respect to any of the claims set forth in the Amended Complaint. Plaintiffs fail to state a claim for a violation of the ADA because Plaintiffs have not been denied the opportunity to participate in or benefit from Municipal Defendants' services, programs, or activities. Plaintiffs' belated attempt in their opposition to re-characterize their pleading as alleging that Municipal Defendants provide a service as part of a "Housing Accessibility Program" is nowhere set forth in the Amended Complaint and is a mischaracterization of DOB's statutory and regulatory framework. Plaintiffs also fail to state a claim for violation of the FHA because Municipal Defendants' actions do not implicate concerns related to the availability of housing for sale or rent, or to the provision of services or facilities in connection with the sale or rental of a dwelling, and therefore cannot be the grounds for liability under the FHA. Moreover, Plaintiffs James and CIDNY lack standing in their claims against Municipal Defendants as any alleged injury in fact is not "fairly traceable" to Municipal Defendants' actions. Furthermore, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state and local law claims, but even if the Court does not so decline, such claims should be dismissed. Plaintiffs' state and local law claims fail because the accessibility standards

set forth in the Construction Codes relate to the standards required upon completion of the elevator work. Moreover, Plaintiffs' Human Rights Law claim fails because Plaintiffs failed to plead that the issuance of permits by Municipal Defendants for Landlord Defendants to perform elevator work in any way aided and abetted the alleged failure of Landlord Defendants to provide a reasonable accommodation. Accordingly, Plaintiffs' Complaint should be dismissed as to Municipal Defendants in its entirety.

## ARGUMENT

### POINT I

### PLAINTIFFS FAIL TO STATE A CLAIM UNDER TITLE II OF THE AMERICANS WITH DISABILITIES ACT

Plaintiffs' articulated grievance in their Fourth Cause of Action is that Municipal Defendants have violated Title II of the ADA by not applying the "accessibility laws and standards" contained in the Building and Construction Codes to elevator permit applications. (Complaint at ¶¶ 213-214). As set forth in Municipal Defendant's moving papers, Plaintiffs here have not been denied the opportunity to participate in or benefit from Municipal Defendants' services, programs, or activities. Nor were Plaintiffs otherwise discriminated against by Municipal Defendants by reason of their disabilities. The program that DOB administers in this case is pursuant to its permit issuing function. Plaintiffs have not asserted that they have applied for or been denied permits based upon their alleged disabilities.

Now in opposition to Municipal Defendants' motion to dismiss, Plaintiffs attempt to re-characterize their pleading to allege that there is a "Housing Accessibility Program" run by Municipal Defendants as some sort of "service" to "all New Yorkers" as well as Plaintiffs, and

that Plaintiffs have been denied this "service."[1] Plaintiffs' Memorandum of Law ("P Br.") at p. 5 and 11-13. Plaintiffs further argue that this municipal service "ensures that all New York City residents have access to their homes during times of construction." Id. at p. 10. This is not only a mischaracterization of Plaintiffs' amended pleading, as the phrase "Housing Accessibility Program" was never used in the Amended Complaint, but is also a mischaracterization of the statutory and regulatory framework.[2] See Amended Complaint, *passim*. There is no such "Housing Accessibility Program" set forth in the applicable statutes and regulations, and Plaintiffs point to no law establishing same. Moreover, Municipal Defendants are not charged with the responsibility to ensure that all New York City residents have access to their homes during times of construction and there is no law requiring same.

As set forth in Municipal Defendants' moving papers, Plaintiffs mischaracterize the accessibility standards set forth in the Construction Code that they claim DOB has failed to apply. Municipal Defendants' June 25, 2015 Memorandum of Law ("MD Br.") at p. 12-13. The provisions regarding the accessibility standards contained in the Construction Code relate to standards that applicants are required to certify compliance with - in this instance by professional certification of a registered design professional. See Admin. Code § 28-104.2.1. Plaintiffs have pointed to no requirement in the Construction Code or elsewhere for compliance with the accessibility standards for the duration of the elevator work. While 1 RCNY § 11-02 provides

---

[1] While Plaintiffs allege that Municipal Defendants are "try[ing] to reframe the dispute" (Plaintiffs' Memorandum of Law at p. 11), it is Plaintiffs who now attempt to re-characterize the facts pled in their Amended Complaint in their opposition to Municipal Defendants' Motion to Dismiss.

[2] The Court is respectfully referred to Municipal Defendants' June 25, 2015 Memorandum of Law at pp. 6-8 and 12-13 for a recitation of the applicable statutory provisions. Additionally, please note that there is a typo in the first few words of footnote "5" of Municipal Defendants' Memorandum of Law, which should read "*Plaintiffs* rely upon the code provisions contained in the 1968 Building Code…"

that an elevator out-of-service when there is only one elevator in the building is dangerous to human life and safety and provides for the imposition of civil penalties in such a situation, the rules contemplate a waiver of such penalties while "work is in progress for the replacement or installation of a new elevator or major renovation requiring that the elevator be deactivated during the work." See 1 R.C.N.Y. § 103-02(k)(2)(iii); MD Br. at p. 12-13. Clearly, a non-functioning elevator at the subject premises due to breakdown or because an elevator has surpassed its useful life would equally impact Plaintiffs.

Plaintiffs mistakenly allege that a Tenant Protection Plan is required before approval of applications to perform elevator work (P Br. at p. 3). However, this is not the case. As set forth in Municipal Defendants' moving papers at footnote "6," elevator work requires a "service equipment permit" pursuant to Admin Code § 28-105.2.8, as opposed to a "alteration permit." As such, Admin Code § 28-104.8.4, which requires a tenant protection plan for *alterations* of buildings in which any dwelling unit will be occupied during construction, is entirely inapplicable.

Moreover, Plaintiffs' reliance on Admin. Code § 27-357(d) is misplaced. P Br. at p. 6. Municipal Defendants dispute that this provision is even applicable to elevator work. Pursuant to Admin. Code § 28-101.4.3.3, an owner is not permitted to opt to use the 1968 Building Code for the installation and alteration of elevators, conveyors, and amusement rides. MD Br. at fn. "5." Moreover, even assuming, arguendo, that Admin. Code § 27-357(d) is applicable insofar as it states that certain buildings "shall have at least one primary entrance accessible to and usable by individuals who use wheelchairs," said provision does not address requirements during times of construction. Furthermore, notably, Plaintiffs selectively quote from Admin. Code § 27-357(d), which further states "such entrance shall provide access to a

4

level that makes elevators available in buildings where elevators are provided." That provision only requires accessibility to the level of the elevators and does not address the accessibility of the elevators themselves.[3]

Nevertheless, since there is no municipal "service" or program to provide accessibility during times of construction, as Plaintiffs belatedly attempt to allege, the cases relied upon by Plaintiffs' are inapposite. Plaintiffs' mistakenly rely upon Brooklyn Ctr. For Independence of the Disabled v. Bloomberg, 980 F. Supp.2d 588 (S.D.N.Y. 2013). However, that case is distinguishable because in Brooklyn Ctr. there was a municipal service provided – emergency preparedness planning as part of a municipal emergency preparedness program. The case of United Spinal Ass'n v. Bd. of Elections in New York, 882 F. Supp.2d 615 (S.D.N.Y. 2012) is likewise distinguishable. There, the government service was the Board of Elections' voting program and the Court ruled therein that "meaningful access" was required. Other cases relied upon by Plaintiffs are distinguishable on similar grounds.

Plaintiffs' attempt to distinguish a case relied upon by Municipal Defendants, Noel v. New York City Taxi & Limousine Comm'n, 687 F.3d 63 (2d Cir. 2012), is also without merit. Plaintiffs' reliance is based on the false allegation that DOB is "explicitly" charged with ensuring building accessibility for disabled individuals during times of construction. P Br. at p. 15. Nowhere in Plaintiffs' analysis is a recognition that a non-functioning elevator at the subject premises due to breakdown or because an elevator has surpassed its useful life would equally impact Plaintiffs. Here, Plaintiffs have not been denied the opportunity to participate in or benefit

---

[3] Also missing from Plaintiffs' analysis is the fact that owners are only required to comply with the accessibility provisions of the 2008 Building Code and the 2014 Building Code if elevator work and other work to be completed rise to 50% of the assessed value of the building. See Admin. Code § 28-101.4.3(5) of the 2008 Building Code and § 1101.3.2 of the 2014 Building Code.

5

from Municipal Defendants' services, programs, or activities. Here, like in Noel, Plaintiffs are consumers (or tenants) of DOB's permittees. As such, Plaintiffs fail to state a claim for a violation of Title II of the ADA by Municipal Defendants and such claim must be dismissed.[4]

## POINT II

**PLAINTIFFS FAIL TO STATE A CLAIM UNDER TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968 AS AMENDED BY THE FAIR HOUSING AMENDMENTS ACT OF 1988**

Plaintiffs' allegation in their Fifth Cause of Action that Municipal Defendants deprived the individual Plaintiffs of their rights in violation of 42 U.S.C. § 3604(f)(1) and (2) similarly fails. Plaintiffs mischaracterize Municipal Defendants' position and nowhere did Municipal Defendants assert that the FHA is a "pre-acquisition statute only."[5] P Br. at p. 18. Here, because DOB's issuance of permits is not related to the sale or rental of the subject premises or to the municipal provision of services or facilities in connection with the sale or rental of a dwelling, the issuance of permits cannot serve as a basis for liability under the FHA. MD Br. at Point II, pp 13-16.

Plaintiffs' cause of action under the FHA fails, like its ADA claim, because there is no "Housing Accessibility Program" as alleged by plaintiffs. As such the cases relied upon by Plaintiffs relating to municipal services, including, garbage collection, police and fire protection

---

[4] Furthermore, Plaintiffs' argument that on a motion to dismiss Municipal Defendants must accept as true that Municipal Defendants have "themselves…engaged in discriminatory conduct" (P Br. at p. 14) is patently untrue. While Municipal Defendants must accept as true the facts as pled, there is no requirement to accept as true the ultimate legal conclusion that the alleged conduct constitutes discrimination.

[5] In fact, Municipal Defendants' cited to Davis v. City of New York, 902 F. Supp. 2d 405 (S.D.N.Y. 2012) which held that the provisions of § 3604(b) apply to both pre- and post-acquisition conduct and stated that the Davis Court acknowledged that the Second Circuit had not addressed the question of whether § 3604(b) reached post-acquisition conduct and advised that the circuits have reached differing conclusions. See MD Br. at fn. "6."

and provision of utility connections (P Br. at pp. 19-20) are inapplicable. Moreover, Plaintiffs' reliance on Human Res. Research & Mgmt. Grp., Inc. v. Cnty of Suffolk, 687 F. Supp. 2d 237 (E.D.N.Y. 2010) is also misplaced. That case involved a facial challenge to a local law that was undisputedly discriminatory on its face, which imposed restrictions and limitations solely upon a class of disabled individuals – people who are seeking treatment for recovery from drug and alcohol addiction – and imposed no restrictions and limitations on those who are not receiving such treatment. The notion that DOB's elevator permitting function is analogous to such a facially discriminatory local law is comparing apples to oranges.

Municipal Defendants' actions in issuing permits to perform elevator work do not implicate concerns related to the availability of housing for sale or rent, or to the municipal provision of services or facilities in connection with the sale or rental of a dwelling, and therefore cannot be the grounds for liability under the FHA.

## POINT III
### THE PUBLIC ADVOCATE AND CIDNY DO NOT HAVE STANDING IN THEIR CLAIMS AGAINST MUNICIPAL DEFENDANTS

As set forth in Municipal Defendants' Memorandum of Law at Point III, even assuming arguendo that individual Plaintiffs state a cause of action, the Public Advocate and CIDNY do not have organizational standing as Plaintiffs in their causes of action against Municipal Defendants. MD Br. at p. 16-17. Here, any injury in fact that could conceivably be established by Plaintiffs is not fairly traceable to the challenged action – the issuance of permits by DOB for elevator repair work. Based upon the fact that Plaintiffs James and CIDNY cannot establish any injury in fact fairly traceable to Municipal Defendants' actions, they lack standing as to the claims asserted against Municipal Defendants. While Plaintiffs' Memorandum of Law summarily argues that they Plaintiff James and CIDNY do have organizational standing (and that

CIDNY also has associational standing), Plaintiffs fail to address Municipal Defendants' chief argument on this matter that any alleged injury in fact is not fairly traceable to Municipal Defendants' actions.[6]

### POINT IV
### THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE AND CITY LAW CLAIMS

This Court should decline to exercise supplemental jurisdiction over Plaintiffs' purported state law claims. MD Br. at Point IV. See, e.g. Birch v. Pioneer Credit Recovery Inc., 2007 U.S. Dist. Lexis 41834 at *16 (W.D.N.Y. 2007). In the event that this Court decides to exercise jurisdiction over any of Plaintiffs' state or city law claims, or that Plaintiffs' federal claims are not dismissed, Plaintiffs' Sixth and Seventh Causes of Action should nonetheless be dismissed. MD Br. at p. 19-21. Both the Sixth and Seventh Causes of Action erroneously allege that Municipal Defendants have violated the Administrative Code accessibility standards by issuing permits for elevator repair work. However, Plaintiffs fail to state a claim because the accessibility standards set forth in the Construction Codes relate to the standards required upon completion of the work. Plaintiffs have pointed to no requirement in the Construction Code or elsewhere for compliance with the accessibility standards during the duration of the elevator work. Plaintiffs' claim that a Tenant Protection Plan is mandated by Admin. Code § 28-104.8.4 for elevator work is simply wrong. See Point I, supra. The Code was not meant to - and should not be interpreted to mean that – a building owner should keep a broken elevator in operation so as not to violate the ADA and HRL.

---

[6] Recently the Supreme Court of New York, Appellate Division, Second Department held that the Public Advocate lacks standing to compel the release of grand jury materials under Criminal Procedure Law 190.25(4)(a). James v. Donovan, 2015 N.Y. App. Div. LEXIS 6215.

8

Moreover, Plaintiffs' claim that the issuance of a permit to allow Landlord Defendants to perform elevator work somehow aids and abets Landlord Defendants' alleged failure to provide a reasonable accommodation to the Individual Plaintiffs in violation of New York City Human Rights Law is without merit. Here there is no nexus between the actions of Municipal Defendants – the issuance of the permits to rebuild or repair elevators – and the alleged actions of the Landlord Defendants – the alleged failure to provide a reasonable accommodation while the required repair is underway. Notably, Plaintiffs' fail to address Dewitt v. Lieberman, 48 F. Supp. 2d 280 (S.D.N.Y. 1999), relied upon by Municipal Defendants, which holds that for liability to attach as an "aider or abettor," there must be proof that Municipal Defendants "encouraged, condoned or approved" of the alleged failure to provide a reasonable accommodation. Here, Plaintiffs' fail to allege in the Complaint that there the failure to provide reasonable accommodation was encouraged, condoned or approved by Municipal Defendants, and as such fail to state a claim.

Plaintiffs' also fail to address Municipal Defendants' argument that to the extent Plaintiffs are challenging the actual issuance of the permits for elevator work, those DOB determinations are not ripe for judicial review because administrative remedies have not been exhausted. MD Br. at p. 21. Admin. Code § 28-103.11 and New York City Charter §§ 648 and 666(6)(a). Here, the issuance of the permits to perform elevator work were not appealed to the Board of Standards and Appeals and the time to do so has long since expired. Id.

## CONCLUSION

For the foregoing reasons, Municipal Defendants respectfully request that the Complaint be dismissed in its entirety. In the event that the Court denies this motion, the undersigned requests 30 days from service of the Court's decision with to serve an answer to the Complaint.

Dated:  New York, New York
        August 13, 2015

                                    Respectfully submitted,

                                    ZACHARY W. CARTER
                                    Corporation Counsel of the
                                          City of New York
                                    Attorney for Municipal Defendants
                                    100 Church Street, Room 5-161
                                    New York, New York 10007
                                    (212) 356-2187

                                    By: _____
                                         Pamela A. Koplik
                                         Assistant Corporation Counsel